Phyllis Gilmore, Executive Director Behavioral Sciences Regulatory Board 712 SW Kansas Avenue Topeka, Kansas 66603-3817
Dear Mrs. Gilmore:
As Executive Director of the Behavioral Sciences Regulatory Board, you bring to our attention an issue related to Attorney General Opinion No.2003-35 in which we reached the following conclusion:
 "A mature minor has the legal capacity to consent to out patient mental health services. Such consent must be an informed consent in relation to the potential risks and benefits of the type of mental health treatment provided. In this context, `maturity' means having the intellectual capacity, experience, and knowledge necessary to substantially understand the situation at hand and the consequences of the choices that can be made. The risk to a therapist if a parent were to disapprove of their unemancipated minor accessing out-patient mental health services would be potential liability in a civil law suit, the outcome of which would turn on the court's evaluation of whether the minor child was sufficiently mature to consent to treatment and whether the consent was sufficiently informed."
In the course of reaching that conclusion we stated:
 "While a number of statutes address minor consent laws in Kansas for a variety of contexts, none address the issue of a minor's legal capacity to consent to outpatient mental health services."
We cited a number of statutes in support of that statement, including K.S.A. 2003 Supp. 59-2949 within the Care and Treatment for Mentally Ill Persons Act.[1] In footnote 2, we referred to that statute as relating only to inpatient mental health services. However, you bring to our attention that the meaning of "treatment center" within that Act[2]
includes facilities that provide both inpatient and outpatient treatment and thus you request clarification of our earlier opinion.
K.S.A. 2003 Supp. 59-2949(b)(2)(B) governs a minor's capacity to consent to outpatient as well as inpatient treatment[3] at a treatment facility in the absence of parental consent. That statute provides:
 "Whenever a person who is 14 years of age or older makes written application on their own behalf and is admitted as a voluntary patient, the head of the treatment facility shall promptly notify the child's parent, legal guardian or other person known to the head of the treatment facility to be interested in the care and welfare of the minor of the admittance of that child; . . ."[4]
The statute also requires a treatment center to notify such minor's parent, legal guardian or other person known to the head of the treatment facility to be interested in the care and welfare of the minor of the treatment center's procedures regarding discharge and legal rights of voluntary patients, as well as, in general terms, the types of treatment available.[5]
Based on the definition of "treatment facility" in the Care and Treatment for Mentally Ill Persons Act, we now conclude that a minor 14 years of age but less than 18 years of age may consent to outpatient (as well as inpatient) treatment at a treatment facility as a voluntary patient, but the head of the treatment facility must so notify the minor's parent, legal guardian or other person known to the head of the treatment facility to be interested in the care and welfare of the minor. We withdraw the conclusion reached in Attorney General Opinion No. 2003-25
to the extent it conflicts with the conclusion reached herein.
Sincerely,
 PHILL KLINE Attorney General
 Camille Nohe Assistant Attorney General
PK:CN:JLM:jm
[1] K.S.A. 59-2945 et seq.
[2] Pursuant to K.S.A. 59-2946(n) "[t]reatment facility" means "any mental health center or clinic, psychiatric unit of a medical care facility, state psychiatric hospital, psychologist, physician or other institution or person authorized or licensed by law to provide eitherinpatient or outpatient treatment to any patient."
[3] "`Treatment' means any service intended to promote the mental health of the patient and rendered by a qualified professional, licensed or certified by the state to provide such service as an independent practitioner or under the supervision of such practitioner." K.S.A. 2003 Supp. 59-2946(m).
[4] Emphasis added. Additional provisions of this statute relate to requirements of a legal guardian seeking admission of a ward.
[5] K.S.A. 2003 Supp. 59-2949(c).